**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 13 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DARREN L. CARTER,

      Defendant-Appellant.

No. 03-3271
(D.C. No. 02-CR-40090-SAC)
(Kansas)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, Circuit Judge**, McWILLIAMS**, Senior Circuit Judge, and **HENRY**, Circuit Judge.

On July 17, 2002, Darren L. Carter (defendant) was charged in a one count indictment filed in the United States District Court for the District of Kansas with knowingly possessing on May 31, 2001, 11 grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2. On November 7, 2002, the defendant filed a motion to suppress any use at trial of all items seized in a search of his residence. The government in response asked that the motion to suppress be denied. On

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

December 30, 2002, the district court denied defendant's motion to suppress.

On May 9, 2003, the defendant moved to exclude, at trial, the testimony of one Brandon Rosario (Rosario), a member of the Kansas National Guard Counter Drug Special Operations Group, whose "report" had been either misplaced or lost, and hence was not available to defense counsel for possible use in his cross-examination of Rosario. That motion was denied on May 13, 2003. After a three-day trial, a jury convicted the defendant of the crime charged in the indictment on May 16, 2003, and thereafter, the defendant filed a motion for judgment of acquittal, which was denied on July 17, 2003. On September 5, 2003, the defendant was sentenced to 92 months imprisonment. Defendant appeals his conviction and sentence. We affirm.[1]

As stated, on November 7, 2002, the defendant filed a motion to suppress the use at trial of all items seized in the search of his residence on May 31, 2001. The basis for the motion was that the affidavit in support of the request for a search warrant was insufficient to support the issuance thereof, i.e., the affidavit was not sufficient to show that contraband or evidence of a crime would be found in defendant's residence. The government filed a response to that motion, contending that the affidavit was sufficient to support the issuance of the warrant.

The warrant in question was issued by a state judge in Kansas and the affidavit in

---

[1]This case was set for oral argument, but appellant's counsel prior to argument moved to submit the matter on the briefs, stating the appellee had no objection thereto. The motion was granted and the case was submitted on the briefs.

support thereof was made by Brian Hill, an officer in the Topeka, Kansas Police Department.  The warrant was executed on May 31, 2001, the date of its issuance, by Hill and other members of the Topeka Police Department.  The search disclosed, *inter alia,* cocaine in a plastic bag "beside the stoop outside the back door," scales and sandwich bags on the upper shelf in the kitchen cabinet, and two cell phones were seized in the kitchen area, along with a pager and $350 in cash from defendant's person. There was no evidentiary hearing on the motion to suppress, since defendant's challenge was based on an alleged facial insufficiency of the affidavit itself.  The district court on December 30, 2002, in a 12-page memorandum and order, denied the motion.  On appeal, the defendant first challenges the district court's denial of his motion to suppress.

In reviewing a motion to suppress, we review *de novo* the ultimate determination of whether the search was "reasonable" under the Fourth Amendment. *United States v. Little,* 60 F.3d 708, 712 (10th Cir. 1995).  In making our determination "we consider the totality of the circumstances and view the evidence in a light most favorable to the government."  *United States v. Long,* 176 F.3d 1304, 1307 (10th Cir. 1999).  In this general connection, in *United States v. Danhauer,* 229 F.3d 1002, 1005-6 (10th Cir. 2000), we spoke as follows:

> A search warrant must be supported by probable cause, requiring " more than mere suspicion but less evidence than is necessary to convict."  "Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched."  An affidavit in support of a search warrant must contain facts sufficient to lead a prudent person to

believe that a search would uncover contraband or evidence of criminal activity. In making a probable-cause determination, the issuing magistrate must examine the totality of the circumstances set forth in the affidavit, including an informant's veracity and basis of knowledge. (Citations omitted.)

Our reading of the affidavit is that it was sufficient to show probable cause and that the district court did not err in denying defendant's motion to suppress. The affidavit, while perhaps not "overwhelming," did show "more than mere suspicion." *See United States v. Burns,* 624 F.2d 95, 99 (10th Cir. 1980).[2]

The Topeka Police Department apparently had a "working relationship" with the Kansas National Guard Counter Drug Special Operations Group, whereby the latter, on request, would conduct a "pre-raid surveillance" of the property to be searched in advance of the actual search thereof. In this case, Brandon Rosario, a member of that group, conducted a six-hour pre-raid surveillance of defendant's residence immediately prior to the search. As indicated, very shortly prior to trial, the defendant moved that Rosario not be allowed to testify at his trial because a written "report" made by Rosario to Hill of the results of his surveillance had either been misplaced or lost and therefore was not available for possible use by defense counsel at trial. For a defendant's Due Process rights

---

[2]In the district court, as in this Court, the government argues that even if the affidavit was insufficient, this case would come within the "good faith exception" to the general exclusionary rule. *See United States v. Danhauer,* 229 F.3d 1002, 1008 (10th Cir. 2000). In that case, we held that the affidavit involved was "insufficient," but then stated "[n]onetheless, the district court did not err in refusing to suppress the evidence seized because the officer acted in objectively reasonable good faith reliance on the warrant."

to be violated, defendant must show that the evidence which was not preserved was material, that is, it possessed an "exculpatory value" that was "apparent before" destruction and the defendant could not get "comparable evidence by other reasonably available means." *California v. Trombetta,* 467 U.S. 479, 489 (1984). Alternatively, "[i]f the exculpatory value of the evidence is indeterminate and all that can be confirmed is that the evidence was 'potentially useful' for the defense, then a defendant must show that the government acted in bad faith in destroying the evidence." *United States v. Bohl,* 25 F.3d 904, 910 (10th Cir. 1994) (citing *United States v. Youngblood,* 488 U.S. 51, 58 1988).

The district court denied appellant's motion finding the defendant failed to demonstrate materiality or bad faith. On appeal, the defendant argues that the ruling constituted reversible error. We do not agree. In this regard, we note that prior to trial, Rosario was, in fact, interviewed by an investigator for the Public Defender's office, with the knowledge and consent of the government, and that investigator then testified at trial as a defense witness. Further, there is nothing to indicate that the missing report was caused by "bad faith" on the part of the officers or was material to defendant's defense.

After trial, the defendant filed a motion for judgment of acquittal. In that motion, counsel attacked the credibility of Rosario, whose testimony at trial tied the defendant to the cocaine found in a plastic bag "beside the stoop outside the back door" of defendant's residence. After hearing, the district court, in a rather detailed six-page memorandum and

order, denied that motion. On appeal, defendant challenges the district court's denial of his motion for judgment of acquittal. This issue poses a question of witness credibility. At trial, the government called four witnesses, including Rosario and Hill, the affiant. The defendant called two witnesses, which included the investigator who interviewed Rosario, and defendant's girlfriend. The defendant, himself, elected not to testify. On that state of the record, the jury having resolved the credibility of the several witnesses, the district court declined to "reweigh" the evidence and stated that "the government presented substantial evidence from which a rational trier of fact could find guilt beyond a reasonable doubt.". We agree.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge