**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

DENNIS R. DANHAUER,

      Defendant-Appellant.

No. 99-4196

---

Appeal from the United States District Court
for the District of Utah
(D.C. No. 98-CR-354)

---

Submitted on the briefs:

Gregory G. Skordas and Stephanie Ames, Salt Lake City, Utah, for Appellant.

Paul M. Warner, United States Attorney, and Barbara Bearnson, Assistant United States Attorney, Salt Lake City, Utah, for Appellee.

---

Before **BRORBY, KELLY,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## I. INTRODUCTION

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This court therefore honors the parties' requests and orders the case submitted without oral argument.

Defendant Dennis R. Danhauer entered a conditional guilty plea to one count of attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of using a destructive device in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1). Danhauer appeals from the district court's final judgment and conviction, asserting the district court erred in denying his motion to suppress. *See* Fed. R. Crim. P. 11(a)(2) (providing that a defendant, with approval of the court and consent of the government, may enter conditional guilty plea and reserve right to appeal an adverse determination of pretrial motion). Although this court concludes the affidavit in support of the search warrant was not sufficient to establish probable cause, we exercise jurisdiction pursuant to 28 U.S.C. § 1291 and **affirm** the district court's denial of the motion to suppress based on the good-faith exception to the exclusionary rule.

## II. BACKGROUND

In June 1998, West Valley City Police Officer Dumas informed Detective McCarthy that Robbi and Dennis Danhauer were cooking methamphetamine in a large garage located at the rear of their property and that a person called "Casey" was acting as a lookout in front of their home. Officer Dumas received the information from a confidential informant who was not paid or promised anything in exchange for the information. Because the informant feared for his personal safety, Officer Dumas did not reveal the informant's identity to Detective McCarthy.

Detective McCarthy verified the informant's physical description of the Danhauer property and confirmed by a records check that Robbi and Dennis Danhauer occupied the premises. Further, the detective observed Robbi Danhauer going back and forth between the home and the garage.

Detective McCarthy researched the criminal background of both suspects; their "criminal histories include[d] dangerous drugs, possession [of] paraphernalia, assault, forgery, and criminal mischief." Criminal records revealed that both Danhauers had outstanding arrest warrants. Importantly, Detective McCarthy discovered that Robbi Danhauer was on probation for attempted forgery. During her probation report the previous day, Robbi Danhauer submitted to a urine analysis which came back positive for the presence of methamphetamine and opiates.

Detective McCarthy included the facts described above in his affidavit for a search warrant. The Third District Court for the State of Utah issued a warrant, authorizing the search of Dennis Danhauer, Robbi Danhauer, and their property. After the warrant was executed, Danhauer was charged in a five-count indictment that included drug and weapons charges.

Danhauer filed a Motion to Suppress, claiming the affidavit in support of the search warrant did not provide probable cause and execution of the search warrant did not fall within the good-faith exception to the Fourth Amendment exclusionary rule. Pursuant to 28 U.S.C. § 636(b)(1)(B), the district court referred the matter to a federal magistrate, who held a hearing on the Motion to Suppress. The magistrate's Report and Recommendation concluded that Detective McCarthy's "affidavit contained bare-bones allegations obtained from a confidential informant without a basis for reliability or trustworthiness of those allegations." Further, the magistrate found no corroboration of the informant's claim that Danhauer and his wife were cooking methamphetamine. Accordingly, the magistrate concluded there was no probable cause to issue the search warrant. Nonetheless, the magistrate determined the *Leon* good-faith exception applied to the execution of the search warrant. *See United States v. Leon*, 468 U.S. 897, 920-24 (1984).

After Danhauer objected to the magistrate's Report and Recommendation, the district court conducted a hearing on the suppression motion. Relying on *United States v. Bishop*, 890 F.2d 212, 216 (10th Cir. 1989), the district court determined it did not need to address whether the affidavit was sufficient to support probable cause before turning to the good-faith issue. The district court denied Danhauer's Motion to Suppress, holding that the warrant survived a good-faith analysis. Danhauer entered a conditional guilty plea to two counts of the indictment, reserving his right to appeal the denial of his Motion to Suppress.

On appeal, Danhauer argues the district court erred in failing to address the sufficiency of the affidavit in support of the search warrant before turning to the good-faith exception. Danhauer also argues the district court erred in applying the good-faith exception to the search of his residence.

In reviewing the denial of a motion to suppress, this court views the evidence in the light most favorable to the government and upholds the district court's factual findings unless clearly erroneous. *See United States v. Rowland*, 145 F.3d 1194, 1200 (10th Cir. 1998). Determinations relating to the sufficiency of a search warrant and the applicability of the good-faith exception are conclusions of law, however, which this court reviews *de novo*. *See id.* at 1206; *United States v. Earls*, 42 F.3d 1321, 1326 (10th Cir. 1994).

III. DISCUSSION

A. Sufficiency of Affidavit in Support of Probable Cause

In reviewing suppression motions, courts have the discretion to proceed directly to an analysis of the good-faith exception without first addressing the underlying Fourth Amendment question. *See Leon*, 468 U.S. at 924-25. When resolution of a Fourth Amendment issue is "necessary to guide future action by law enforcement officers and magistrates," however, it is appropriate for a reviewing court to address this issue first. *Id.* at 925; *see also Rowland*, 145 F.3d at 1206 n.8. We conclude this is such a case.

Danhauer argues the affidavit supporting the search warrant insufficiently established a basis for probable cause because it failed to demonstrate the informant's veracity, reliability, and basis of knowledge. Danhauer further asserts that police corroboration of a limited portion of the information provided by the informant did not establish a nexus between evidence of a crime and his residence.

A search warrant must be supported by probable cause, requiring "more than mere suspicion but less evidence than is necessary to convict." *United States v. Burns*, 624 F.2d 95, 99 (10th Cir. 1980). "Probable cause undoubtedly requires a nexus between suspected criminal activity and the place to be searched." *United States v. Corral-Corral*, 899 F.2d 927, 937 (10th Cir. 1990). An affidavit in support of a search warrant must contain facts sufficient to lead a prudent

person to believe that a search would uncover contraband or evidence of criminal activity. *See Rowland*, 145 F.3d at 1204. In making a probable-cause determination, the issuing magistrate must examine the totality of the circumstances set forth in the affidavit, including an informant's veracity and basis of knowledge. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). Although reviewing courts should afford a magistrate's probable cause decision great deference, this court will not defer if there is no "substantial basis for concluding that probable cause existed." *Rowland*, 145 F.3d at 1204 (quotations omitted).

The affidavit in this case failed to allege facts sufficient to establish probable cause. The affidavit contains repetitive statements regarding the physical description of the Danhauer residence and the identity of the occupants. Further, the affidavit contains statements about the criminal histories of both Dennis and Robbi Danhauer. The affidavit does not reveal, however, the informant's basis of knowledge or adequately verify the informant's most serious allegation, that the Danhauers were manufacturing methamphetamine. An affidavit replete with repetitive and tenuous facts does not provide a magistrate with a sufficient basis for drawing a reasonable inference that a search would uncover evidence of criminal activity.

When there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant. *See*

*United States v. Sturmoski*, 971 F.2d 452, 457 (10th Cir. 1992). In this case, however, the affiant neither established the veracity of the informant, nor obtained sufficient independent corroboration of the informant's information. The only police corroboration of the informant's information was the affiant's verification of the Danhauer residence's physical description, a records check to confirm that the Danhauers resided at the premises in question, an observation of Robbi Danhauer coming and going from the house to the garage, and a search of the Danhauers' criminal histories, which brought to light Robbi Danhauer's latest urinalysis revealing the presence of methamphetamine. The detective made little attempt to link methamphetamine to the Danhauer residence. *Cf. United States v. Le*, 173 F.3d 1258, 1266 (10th Cir. 1999) (concluding that affiant's search of suspect's trash and discovery of used bag with white powder residue confirmed to be methamphetamine helped corroborate information received from confidential sources). The only possible nexus between Danhauer's residence and the alleged criminal activity was his wife's urinalysis result. This is not the type of evidence that enables the state magistrate to draw a reasonable inference that the items subject to the search warrant would be located at Danhauer's residence. Such a nebulous connection does not give a magistrate a substantial basis for concluding that probable cause existed.

B. Applicability of the *Leon* Good-Faith Exception

Although the search warrant was not supported by probable cause, the evidence seized at Danhauer's residence need not be suppressed if the executing officer acted with an objective good-faith belief that the warrant was properly issued by a neutral magistrate. *See Leon,* 468 U.S. at 922. When reviewing the reasonableness of an officer's reliance upon a search warrant, this court must examine the underlying documents to determine whether they are "devoid of factual support." *United States v. McKneely*, 6 F.3d 1447, 1454 (10th Cir. 1993) (quotation and italics omitted).

The Supreme Court recognizes four situations in which an officer would not have reasonable grounds for believing a warrant was properly issued. *See Leon*, 468 U.S. at 922-23. In these situations, the good-faith exception to the exclusionary rule would not apply. *Id.* First, evidence should be suppressed if the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his "reckless disregard of the truth." *Id.* at 923. Second, the exception does not apply when the "issuing magistrate wholly abandon[s her] judicial role." *Id.* Third, the good-faith exception does not apply when the affidavit in support of the warrant is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* (quotation omitted). Fourth, the exception does not apply when a warrant is so facially deficient that the executing officer could not

reasonably believe it was valid. *See id.* Danhauer argues that the second and third situations apply in this case.[1]

Danhauer claims the good-faith exception does not apply because the detective's affidavit was "bare bones" in that it did not sufficiently corroborate the informant's representations about the manufacturing of methamphetamine at Danhauer's residence or establish the informant's reliability or basis of knowledge. Without making a probable cause determination, the district court reasoned the good-faith exception applied because the officer's reliance on the search warrant was not "wholly unwarranted." This court agrees with the district court.[2]

---

[1]Danhauer incorrectly describes the third situation in his brief by reference to precedent outside of this circuit. He argues the good-faith exception does not apply in the third instance "[i]f the affidavit does not provide the magistrate with a *substantial basis* for determining the existence of probable cause." (emphasis added). While one of our sister circuits applies this language in its good-faith analysis, *see United States v. Wilhelm*, 80 F.3d 116, 121 (4th Cir. 1996), this court utilizes the "substantial basis" language solely in the probable cause context. *See, e.g., United States v. Rowland*, 145 F.3d 1194, 1204 (10th Cir. 1998). In evaluating Danhauer's claim, this court applies the law set forth in *Leon*, as described *supra*.

[2]Although Danhauer argues that the second and third situations described in *Leon* apply to this case, he does not make independent arguments to explain the applicability of each scenario to the facts before us. Rather, he incorporates both scenarios into one argument. While Danhauer suggests the state magistrate abandoned her judicial role in issuing the warrant, this suggestion is based upon his conclusion that the underlying affidavit was lacking in probable cause. Danhauer is in fact only making one argument, which this court addresses *infra*.

Although the affidavit in support of the warrant did not establish probable cause, it was not so lacking in indicia of probable cause that the executing officer should have known the search was illegal despite the state magistrate's authorization. *See Leon*, 468 U.S. at 922 n.23. Further, the absence of information establishing the informant's reliability or basis of knowledge does not necessarily preclude an officer from manifesting a reasonable belief that the warrant was properly issued, *see Bishop*, 890 F.2d at 217, particularly when the officer takes steps to investigate the informant's allegation. Detective McCarthy, who both obtained and executed the search warrant, reasonably believed the fruits of his investigation into the informant's allegation sufficiently linked the manufacture of methamphetamine and Danhauer's residence. His affidavit contains more than conclusory statements based on the informant's allegation about the alleged criminal activity at Danhauer's residence.

IV. CONCLUSION

This court concludes the search warrant failed to establish probable cause because the nexus between the alleged criminal activity and Danhauer's residence was insufficient. Nonetheless, the district court did not err in refusing to suppress the evidence seized because the officer acted in objectively reasonable, good-faith reliance on the warrant. Accordingly, this court **AFFIRMS**.