**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | |
| v. | No. 02-1107 |
| | (D. Ct. No. 00-CR-439-S) |
| CHRISTIAN JONES, | (D. Colo.) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **BRORBY**, Senior Circuit Judge, and **O'BRIEN**, Circuit Judge.

Defendant-Appellant Christian Jones pled guilty to possession with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), reserving his right to appeal the district court's denial of his motion to suppress. Mr. Jones filed a timely notice of appeal on March 4, 2002. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

## I. BACKGROUND

Beginning in April 1999, federal agents in the Southern Colorado Drug Task Force ("Task Force"), a joint operation between the Bureau of Alcohol, Tobacco, & Firearms ("ATF") and the Drug Enforcement Administration ("DEA"), began a long-term investigation into the cocaine trafficking activities of a number of individuals in Pueblo and Colorado Springs, Colorado. ATF Special Agent James Deir was a member of the Task Force, based in Colorado Springs, Colorado.

On July 5, 2000, a confidential informant purchased $200 worth of crack cocaine from Lionel Amos. Approximately two hours later, the informant purchased an additional, similar amount of crack cocaine from Amos. Task Force officials monitored both of these controlled purchases and subsequently set up a surveillance team to monitor Amos' activities.

On July 7, 2000, the informant attempted to page Amos in order to purchase more crack cocaine, but Amos did not respond. The informant told Task Force officials this meant that Amos was out of cocaine and going to Colorado Springs to resupply.

On July 10, 2000, ATF Special Agent Deir set up a surveillance team outside the apartment of Mapajuana Naki, in Colorado Springs, Colorado. Task Force officials had observed Amos' vehicle parked outside Naki's apartment and

knew that Naki was Amos' girlfriend. At approximately 11:40 a.m., Amos left Naki's apartment. Special Agent Deir and other Task Force officials followed Amos to 3928 Red Cedar Drive – the residence of defendant and Celeste Abeyta. Amos remained at defendant's residence for approximately four and one half hours before a taxi arrived at 3928 Red Cedar Drive from the airport. A woman, later identified as Abeyta, exited the taxi with one bag and entered the house. Minutes later, Amos left defendant's residence, briefly returned to Naki's apartment, and then proceeded southbound on Interstate 25, toward Pueblo.

Special Agent Deir, accompanied by Task Force officials and other state and local law-enforcement officers, followed Amos on Interstate 25. During this surveillance, DEA Special Agent Mark Recht contacted the Colorado State Patrol and informed them of their suspicions of Amos' activity. At some point later, a Colorado State Patrol trooper, Steven Ortiz, stopped Amos based on his excessive speed, searched Amos' car after he consented, and found approximately three ounces of cocaine.[1]

On that same day, Special Agent Deir prepared an application and affidavit

---

[1] Following this search, Agent Pat Crouch, with the Colorado Bureau of Investigation, interviewed Amos. During that interview, Amos denied that he had obtained the cocaine from 3928 Red Cedar Drive and instead claimed that he had stolen it on July 9, 2000. Amos also denied being at the defendant's residence on July 10, 2000. The district court, however, found that Special Agent Deir was unaware of these statements at the time he prepared his affidavit, and we accept this finding as it is not clearly erroneous.

for the issuance of a warrant to search the defendant's residence at 3928 Red Cedar Drive. Special Agent Deir's affidavit included all the information chronicled above. In addition, Special Agent Deir stated that Amos routinely used women as carriers in his cocaine-trafficking business, information he had learned during the course of the investigation, and noted further that, based on his law-enforcement experience, drug traffickers commonly use women to smuggle drugs on airplanes using single carry-on bags.

Based on all this information, a magistrate in El Paso County issued a search warrant for defendant's residence at 3928 Red Cedar Drive. Special Agent Deir and other Task Force officials executed the warrant on July 11, 2000, and found seventeen grams of cocaine base and just under one kilogram of powder cocaine at defendant's residence.

Jones filed a motion to suppress the evidence found at 3928 Red Cedar Drive, which the district court denied in an order dated November 28, 2001. This appeal followed.

## II. DISCUSSION

On appeal, Jones argues that the district court erred in denying his motion to suppress for two reasons: (1) the search warrant was not supported by probable cause; and (2) the good-faith exception announced in United States v. Leon, 468 U.S. 897 (1984), does not apply. For the reasons set forth below, we disagree

with the first proposition and find it unnecessary to consider the second.

A.    Standard of Review

In reviewing Jones' Fourth Amendment suppression claim, we accept the district court's factual findings unless they are clearly erroneous and view the evidence in the light most favorable to the district court's ruling.  United States v. Smith, 63 F.3d 956, 960 (10th Cir. 1995), vacated on other grounds, 516 U.S. 1105 (1995).  The ultimate question of whether a Fourth Amendment violation occurred, however, is an issue of law, which we review de novo.  Id.

B.    Probable Cause

The Fourth Amendment requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized."  U.S. CONST. AMEND IV.  We recognize that "'probable cause is a fluid concept – turning on the assessment of probabilities in particular factual contexts – not readily, or even usefully, reduced to a neat set of legal rules.'"  United States v. Soussi, 29 F.3d 565, 568 (10th Cir. 1994) (quoting Illinois v. Gates, 462 U.S. 213, 232 (1983)).  An issuing magistrate must make a practical, commonsense decision whether, given the totality of the circumstances set forth in the affidavit, there is a fair probability that a search will reveal contraband or evidence of a crime in a particular place.  Id.

"A reviewing court must give 'great deference' to the magistrate's determination of probable cause and should uphold that conclusion if the 'totality of the information contained in the affidavit provided a substantial basis for finding there was a fair probability that evidence of criminal activity would be found.'" Id. at 568-69. In making this determination, the magistrate may properly consider an affiant's experience and expertise. Id. at 569.

In this case, Jones alleges that the affidavit was deficient for three reasons: (1) the affidavit, which chronicled Special Agent Deir's observation of Amos' activities of July 10, 2000, did not support the magistrate's probable-cause determination; (2) information in the affidavit supplied by the confidential informant was unsubstantiated and uncorroborated; and (3) Special Agent Deir failed to provide adequate information about his training and experience. For the reasons set forth below, we disagree.

1.  Special Agent Deir's Observation of Amos' Activities on July 10, 2001

Jones first argues that Special Agent Deir's observation of Amos' activities on July 10, 2000, did not provide probable cause to support the search of his home. Jones is correct in pointing out that neither his association with Amos nor Amos' mere presence at his residence, standing alone, could give rise to probable cause to search his house. See United States v. Anderson, 981 F.2d 1560, 1566

(10th Cir. 1992) (holding that, without more, agents lacked probable cause to arrest defendant who visited a house that contained drugs, walked by the place of arrest of alleged co-conspirators, and parked in the same parking lot with a U-Haul previously seen at the same place).  In this case, however, it was Amos' presence at Jones' home under all the surrounding circumstances that gave rise to probable cause.  The relevant circumstances include the following:  (1) the informant told Agent Deir that Amos would be traveling to Colorado Springs to obtain more drugs; (2) Special Agent Deir observed Amos enter Jones' residence and remain there for over four and one half hours; (3) Special Agent Deir observed Abeyta arrive from the airport in a taxi carrying one bag, and, seven minutes later, Amos left Jones' residence; (4) Special Agent Deir provided the magistrate with statements indicating that drug traffickers commonly use air travel to smuggle drugs, oftentimes women with single carry-on bags; and (5) shortly after Amos left Jones' residence, Colorado State Patrol troopers found him in possession of three ounces of cocaine.  Thus, it was not Amos' mere presence at Jones' Red Cedar Drive residence that gave rise to probable cause; rather, it was the "totality of the information" in the affidavit taken as a whole, which provided the magistrate with a "'substantial basis for finding there was a fair probability that evidence of criminal activity would be found.'"  Soussi, 29 F.3d at 568-69 (citation omitted).

2.      Confidential Informant's Statements

Jones next challenges the affidavit's inclusion of the confidential informant's statements, arguing that the informant's information was unsubstantiated and uncorroborated. We disagree. "In making a probable cause determination [involving a confidential informant], the issuing magistrate must examine the totality of the circumstances set forth in the affidavit, including an informant's veracity and basis of knowledge." United States v. Danhauer, 229 F.3d 1002, 1006 (10th Cir. 2000). We have previously held that "the successful completion of [a] controlled buy . . . [is] sufficient to establish the reliability of the informant." Smith, 63 F.3d at 961. Further, "[w]hen there is sufficient independent corroboration of an informant's information, there is no need to establish the veracity of the informant." Danhauer, 229 F.3d at 1006.

In this case, the informant's successful completion of two controlled purchases of cocaine demonstrated her familiarity with Amos and personal knowledge of his drug-trafficking activities. Cf. Smith, 63 F.3d at 961. Further, Special Agent Deir provided "independent corroboration" in his affidavit, see Danhauer, 229 F.3d at 1006. Specifically, Deir stated that Colorado State Patrol troopers found Amos in possession of cocaine shortly after leaving Jones' residence. Thus, the magistrate reasonably relied on the informant's statements contained in Special Agent Deir's affidavit in making his probable-cause

determination.

3.    Special Agent Deir's Training and Experience

Finally, Jones challenges the sufficiency of the affidavit based on the fact that Special Agent Deir failed to provide adequate detail about his training and experience. Although Special Agent Deir did not list his specific training in the affidavit, he did note that he was an ATF agent working with the Southern Colorado Drug Task Force, a joint operation between the ATF and the DEA. Further, Special Agent Deir indicated in the affidavit that he was intimately involved in the investigation of this case. The fact that Special Agent Deir did not include an exhaustive account of his relevant experience does not alter the reasonableness of the magistrate's probable-cause determination.

Jones specifically challenges Special Agent Deir's statement in the affidavit that, based on his experience, drug traffickers routinely use females on commercial planes to smuggle narcotics. We agree with the district court that even the slightest familiarity with drug trafficking could support this opinion. Certainly, this would be well within the training and experience of an ATF agent working with a drug task force.

Because we affirm the district court's finding that the warrant was supported by probable cause, we need not address the applicability of the      Leon good-faith exception.

## III.   CONCLUSION

Based on the foregoing, we AFFIRM the district court's denial of Jones' motion to suppress and AFFIRM his conviction under 21 U.S.C. § 841(a)(1) and (b)(1)(B).

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge