**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ERIC J. DUEGAW,

    Defendant-Appellant.

No. 05-3021

(D.C. No. 04-40039-01-RDR)
(D.Kan.)

**ORDER AND JUDGMENT** *

Before **BRISCOE, LUCERO,** and **MURPHY** , Circuit Judges.

Defendant Eric J. Duegaw, who entered a conditional guilty plea to possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A), appeals the district court's order denying his motion to suppress evidence obtained from the vehicle he was driving at the time of his arrest. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On March 24, 2004, Charity Kossin and Duegaw stopped at the Quick Cash store in Emporia, Kansas. Kossin went into the store and attempted to cash a Western Union money order using the name "Chrissy Kelly." Suspecting that the money order was counterfeit, the store clerk notified police. When police arrived, Duegaw was outside the store in a 1996 Jeep. After learning that Duegaw was associated with Kossin, police questioned him. During this questioning, Duegaw gave officers a false name and provided identification which listed two different dates of birth and did not match the name he gave to police. Duegaw also stated that there was a computer and a combination printer, fax, copier, and scanner in the Jeep, which he offered to allow the officers to view. He originally told police that he was enrolled in college and used the equipment for course work, but later admitted that he had lied about attending college. Duegaw also told police that he believed Kossin was cashing a check which she received in payment for selling a vehicle and that he had no knowledge that the check/money order was counterfeit.

Officers arrested Duegaw and impounded the vehicle. Police sought and obtained two search warrants for the vehicle, the first of which was directed at finding evidence of the alleged fraudulent money order. During the first search, officers uncovered narcotics and a firearm in addition to numerous items related

to the manufacture of false documents and identification. The police then sought a second search warrant directed at uncovering further evidence of gun and drug crimes. As a result of the search warrants, officers located thirty-nine driver's licenses, several of which bore pictures of Duegaw with different names, dates of birth, and addresses; a firearm; other forms of identification; items associated with counterfeiting including photo paper, a paper cutter, glue, and bar codes; a second counterfeit Western Union money order; and controlled substances including marijuana, cocaine hydrochloride, and methamphetamine.

Kossin and Duegaw were indicted by a grand jury and jointly charged with one count of conspiracy to make, utter, or possess a forged security (18 U.S.C. §§ 371, 2, 513(a)); two counts of making, uttering, or possession of a forged security (18 U.S.C. § 513(a)); and possession of false identification documents (18 U.S.C. §§ 1028(a)(3), 2). Duegaw was also charged with possession of controlled substances (21 U.S.C. § 844(a)); possession of a firearm during and in relation to a drug trafficking crime (18 U.S.C. § 924(c)(1)(A)); and possession of a firearm by an addict, or alternatively, possession of a firearm by a felon (18 U.S.C. § 922(g)).

Duegaw filed a motion to suppress the evidence found in the Jeep, arguing that: 1) the evidence was the product of an illegal arrest; 2) the evidence was the product of an illegal impoundment of the vehicle; and 3) there was no probable

3

cause to search the vehicle. After a hearing, the district court denied the motion. The court found that there was probable cause to arrest Duegaw and to search the vehicle, and that even if probable cause had been lacking, the good faith exception under United States v. Leon, 468 U.S. 897 (1984) applied to the officers' reliance on the warrant. Following the district court's ruling, Duegaw entered a conditional guilty plea to only one count – the count charging him with violating 18 U.S.C. § 924(c)(1)(A).

## II.

This court reviews de novo a district court's determination of the reasonableness of a search and seizure under the Fourth Amendment. United States v. Abdenbi, 361 F.3d 1282, 1287 (10th Cir. 2004). When reviewing a denial of a motion to suppress, we look at the totality of the circumstances and view the evidence in the light most favorable to the government. United States v. Gay, 240 F.3d 1222, 1225 (10th Cir. 2001). Further, we accept the factual findings of the district court unless they are clearly erroneous. United States v. Williams, 271 F.3d 1262, 1266 (10th Cir. 2001).

## III.

Duegaw contends that his vehicle was illegally seized and the affidavit submitted in support of the first search warrant for his vehicle was devoid of information upon which a finding of probable cause could be made. He further

contends that the second warrant was also invalid because it was based on evidence discovered during the first "unlawful" search. Aplt Br. at 6-7. Moreover, Duegaw argues that the good faith exception from Leon does not apply in this case because the affidavit in support of the first search warrant was "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Leon, 468 U.S. at 923. The government responds by relying on the same rationale adopted by the district court and also the additional ground that the search was justified under the automobile exception to the warrant requirement.

The Fourth Amendment requires that a search warrant must be supported by probable cause. Probable cause must be based upon "more than mere suspicion but less evidence than is necessary to convict." United States v. Burns, 624 F.2d 95, 99 (10th Cir. 1980). Probable cause "requires a nexus between suspected criminal activity and the place to be searched." United States v. Corral-Corral, 899 F.2d 927, 937 (10th Cir. 1990). To obtain a search warrant, the affidavit "must contain facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity." United States v. Danhauer, 229 F.3d 1002, 1005-06 (10th Cir. 2000). In determining whether probable cause exists, the issuing magistrate judge must examine the totality of the circumstances set forth in the affidavit. Illinois v. Gates, 462 U.S. 213, 238

5

(1983). As a general rule, a reviewing court should afford the magistrate judge's ultimate probable cause decision "great deference." United States v. Rowland, 145 F.3d 1194, 1204 (10th Cir. 1998). Nonetheless, it is the duty of the reviewing court to "ensure that the magistrate had a substantial basis for concluding that probable cause existed." Gates, 462 U.S. at 238-239 (1983) (internal quotation omitted).

In this case, the affidavit in support of the first search warrant alleged facts sufficient to establish probable cause. The affidavit contained statements that Duegaw's traveling companion had attempted to cash a fraudulent Western Union money order in a Quick Cash store while Duegaw waited outside in the Jeep in which the two were traveling. It further revealed that Duegaw provided police with identification which did not match his stated identity and listed two different dates of birth. Additionally, the affidavit noted that during a police interview, Duegaw stated that he was attending college, but when asked for the name of the college, he changed cities and college names, and eventually admitted that he was lying about attending college. The affidavit also drew a connection between the suspected criminal activity and the place to be searched; Duegaw told police that a computer and a combination printer, fax, copier, and scanner were in the Jeep, and the officer who prepared the affidavit stated that, based on his experience, counterfeit money orders and identifications are easily manufactured/reproduced

6

using such computer technology. Additionally, the affidavit noted: "[Duegaw] moved something from the front seat of the vehicle to the back of the window where the windows were tinted so it would not be visible when contacted by police officers while he was inside the vehicle." Appellant Br., Attach. A at 2.

In challenging the sufficiency of the affidavit, Duegaw also cites Franks v. Delaware, 438 U.S. 154 (1978) and states: "the affiant omits the fact that Mr. Duegaw offered to let the officers see the equipment." Appellant Br. at 10. Duegaw, however, fails to develop this argument with any detail. To the extent he contends that the omission of this fact would have negated the magistrate judge's finding of probable cause, we do not find this argument to be persuasive. While it is a violation of the Fourth Amendment to "knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause," Pierce v. Gilchrist, 359 F.3d 1279, 1296 (10th Cir. 2004) (citation omitted), the defendant bears the burden to demonstrate the affiant's reckless disregard for the truth. United States v. Knapp, 1 F.3d 1026, 1028 (10th Cir. 1993). In the instant case, Duegaw has failed to present any evidence of a deliberate or reckless disregard for the truth as to any assertion in or omission from the affidavit in support of the first search warrant. Accordingly, based on an examination of the totality of the circumstances set forth in the affidavit, we conclude the magistrate judge had a sufficient basis for drawing a reasonable

7

inference that a search of the Jeep would uncover evidence of counterfeiting.

Likewise, we conclude that the affidavit in support of the second search warrant alleged facts sufficient to establish probable cause. In addition to numerous items related to the manufacture of false documents and identification, officers uncovered narcotics and a firearm during the execution of the first search warrant. The second affidavit contained statements detailing these findings and, therefore, contained facts sufficient to lead a prudent person to believe that a search would uncover further evidence of gun and drug crimes.

To the extent Duegaw argues,[1] as he did before the district court, that both searches of the vehicle were unlawful because the vehicle was illegally seized or impounded, we also find this argument lacks merit. The Supreme Court has upheld temporary restraints in a variety of circumstances where necessary to preserve evidence until police could obtain a warrant. See Illinois v. McArthur, 531 U.S. 326, 334 (2001). The Supreme Court has also noted: "For constitutional purposes, we see no difference between on the one hand seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment." Chambers v.

---

[1] Duegaw briefly mentions this argument in his opening brief but does not devote much, if any, of the text to developing this issue.

8

<u>Maroney</u>, 399 U.S. 42, 52 (1970). In this case, the same facts that gave officers probable cause to search the vehicle gave officers probable cause to impound it. Thus, the district court did not err in denying Duegaw's motion to suppress.

Because both warrants are supported by probable cause, we find it unnecessary to address the parties' remaining arguments.

AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge