**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAMES EDWARD MONTRAIL
PEEL,

        Defendant - Appellant.

Nos. 12-5212 and 13-5000
(D.C. No. 4:09-CR-00143-GKF-1)
(N.D. of Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TYMKOVICH**, **HOLLOWAY**[**], and **MATHESON**, Circuit Judges.

---

    James Peel was charged with and pleaded guilty to firearms possession by a

felon. The charges arose from a search of his house that uncovered a gun. He

---

    [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] The late Honorable William J. Holloway, Jr., United States Senior Circuit Judge, was assigned to this matter originally but passed away before final disposition. "The practice of this Court permits the remaining two panel judges if in agreement to act as a quorum in resolving the appeal." *United States v. Wiles*, 106 F.3d 1516, 1516 n.* (10th Cir.1997); *see also* 28 U.S.C. § 46(d) (noting circuit court may adopt procedures permitting disposition of an appeal where remaining quorum of panel agrees on the disposition). The remaining panel members have acted as a quorum with respect to this Order and Judgment.

argues the gun should have been suppressed because the search warrant was based on information the officers conducting the search should have known was inadequate to establish probable cause under the Fourth Amendment.[1]

We AFFIRM. We agree with the district court that even if the probable cause supporting the affidavit could have been more robust, the officers executing the search acted in good faith in relying upon the warrant. The affidavit in support of the warrant was not so wholly lacking in indicia of probable cause that a reasonable officer could not rely on the warrant. Since we affirm the conviction, we need not address the district court's revocation of Peel's probation and imposition of supervised release.

# I. Background

Based on information developed through a confidential informant, Tulsa Police suspected Peel of distributing marijuana. They applied for a warrant to search Peel's residence.

---

[1] Peel previously filed a § 2255 motion alleging ineffective assistance of counsel for failure to file a direct appeal of the suppression order. The district court agreed and granted the motion, vacated the judgment and sentence, and issued an amended judgment. Peel timely filed a notice of appeal from the amended judgment, which forms the basis of this appeal. In a separate proceeding, the district court revoked Peel's probation and sentenced him to six months of imprisonment for violating the terms of his supervised release. Peel timely appealed from the revocation judgment and sentence, which has been consolidated with this appeal. Peel raised no independent claims of error with regard to the district court's revocation of supervised release.

In support of the search warrant application, officers supplied an affidavit based on their interactions with the informant. In particular, the affidavit stated the informant had been to Peel's residence and had observed Peel, "who had a large amount of marijuana inside his residence." App. Vol. 1, 48. According to the affidavit, the informant also told police that "the marijuana was packaged for sale" and that the informant had observed Peel "conduct drug transactions" from the residence. The informant described the marijuana and also stated that Peel invited the informant to purchase marijuana whenever the informant decided to return. *Id.*

After learning where Peel's residence was located, police verified that the utilities at the residence were in Peel's name. They also searched the Tulsa Police Records and other state databases, revealing that Peel had prior felony convictions for false impersonation, possession of marijuana, and unlawful possession of a controlled substance. Surveillance of the home disclosed "short term traffic" and officers "observed vehicles pull up in front of the residence" and that "the occupants of the vehicles would go inside for a short period of time and return to their vehicle [sic] and leave." *Id.* The affidavit included statements regarding the officer's knowledge of certain activities common among drug users and drug dealers, including their tendency to keep drug paraphernalia, money, and firearms at their residences.

As corroboration, the officer's affidavit explained:

> The RCI [reliable confidential informant] has in the past given information to your affiant and other law enforcement agencies in excess of three occasions. All subjects arrested subsequent to information received from this RCI have been successfully charged with narcotic violations. Your affiant further states that the information that the RCI [sic] has never been untrue or misleading. The information the RCI has provided in the past has been up to date and vital on several narcotics investigations. Your affiant further states that the RCI has shown knowledge of the trafficking of narcotics. Your affiant further states that the RCI has distributed narcotics in the past. Your affiant further states that the RCI stated that a black male named 'James Peel' was selling marijuana from his residence . . . .

*Id.* at 47–48.

Based on the affidavit, an Oklahoma state court judge issued a search warrant for Peel's residence. A search revealed a loaded .45 caliber semi-automatic pistol on a kitchen cabinet shelf, an SKS semi-automatic rifle, and three unloaded magazines. Though officers detected a strong odor of marijuana, they did not locate any marijuana during their search.

After he was indicted in federal court for illegal possession of firearms by a convicted felon, Peel moved to suppress the items obtained in the search. The district court denied the motion, finding there was probable cause to search the residence and, alternatively, that the good-faith exception applied to justify the search.

## II. Discussion

"[W]hile we review the district court's ruling on the sufficiency of a search warrant de novo, we do not review de novo the determination of probable cause by the issuing judge or magistrate." *United States v. Haymond*, 672 F.3d 948, 958 (10th Cir. 2012) (citations and internal quotation marks omitted). Rather, "we give great deference to the issuing judge's finding of probable cause" and ask only whether, under the totality of the circumstances, the judge had a "substantial basis" to find that probable cause existed. *Id.* (citations omitted).

Probable cause must be based on a "fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Cooper*, 654 F.3d 1104, 1124 (10th Cir. 2011) (quotations omitted). When probable cause is based on information given by a confidential informant, we evaluate the totality of the circumstances by looking to a number of factors that, taken together, "may usefully illuminate the commonsense, practical question whether there is 'probable cause'" to search. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). These factors include the veracity, reliability, and basis of knowledge of the informant. *Id.* But the inquiry is holistic—the "factors are not absolute, independent requirements that must be satisfied in order for probable cause to exist . . . . [A] deficiency in one factor may be compensated for by a strong showing of another or by other indicia of reliability." *United States v. Quezada-Enriquez*, 567 F.3d 1228, 1233(10th Cir. 2009) (citation omitted).

Peel argues that these standards have not been met. He contends the officer's affidavit inadequately disclosed to the state court judge both the specific reliability of the informant and that police had done enough to corroborate the statements of the informant that would confirm his veracity. But even assuming the affidavit was inadequate, we conclude that the officers who executed the search acted in good faith in relying upon the warrant, and, therefore, that the district court properly denied Peel's motion to suppress.

It is well established that courts will not suppress evidence obtained from a search pursuant to a warrant if the officers who relied upon the warrant "acted with an objective good faith belief that the warrant was properly issued by a neutral magistrate." *See United States v. Augustine*, 742 F.3d 1258, 1262 (10th Cir. 2014) (citations and internal quotation marks omitted); *United States v. Campbell*, 603 F.3d 1218, 1225 (10th Cir. 2010) (citations and internal quotation marks omitted); *see also United States v. Leon*, 468 U.S. 897, 923 (1984). When an officer relies on a warrant, we presume the officer acts in objective good faith. *Augustine*, 742 F.3d at 1262. A defendant can rebut the presumption in a number of ways, including among others (1) where "the issuing magistrate was misled by an affidavit containing false information or information that the affiant would have known was false if not for his 'reckless disregard of the truth'"; (2) when the "'issuing magistrate wholly abandon[s her] judicial role'"; (3) when "the affidavit in support of the warrant is 'so lacking in indicia of probable cause as to render

official belief in its existence entirely unreasonable'"; and (4) when "a warrant is so facially deficient that the executing officer could not reasonably believe it was valid." *Id.* (quoting *United States v. Danhauer*, 229 F.3d 1002, 1007 (10th Cir. 2000)) (alteration in original).

Peel argues the third exception applies. He contends that the affidavit lacked indicia of probable cause because it did not establish the informant was reliable or independently corroborate the information supplied by the informant. In analyzing good faith, we examine the underlying documents before the judge to determine whether they are "devoid of factual support" and therefore not objectively reliable. *Campbell*, 603 F.3d at 1230 (citations and quotation marks omitted). But the "absence of information establishing the informant's reliability or basis of knowledge does not necessarily preclude an officer from manifesting a reasonable belief that the warrant was properly issued, particularly when the officer takes steps to investigate the informant's allegations." *Danhauer*, 229 F.3d at 1007. Rather, it is only when an officer's reliance was *wholly unwarranted* that good faith is absent. *Id.* Thus, for example, an officer's good faith belief might be belied by a "bare bones affidavit, containing only conclusory statements and completely devoid of factual support." *United States v. Rowland*, 145 F.3d 1194, 1207 (10th Cir. 1998).

That is not the case here. The affidavit included both facts and corroboration highly suggestive of criminal activity. For example, the affidavit

stated that police had investigated the informant's tip by conducting surveillance of the property and observing short term traffic consistent with drug trafficking, verifying that the utilities for the residence were in Peel's name, and conducting a criminal history check on Peel which revealed prior drug-related convictions.

Peel argues that the good-faith exception does not apply because the affidavit contained no evidence of the informant's reliability or veracity. He argues that this case is distinguishable from our decision in *Quezada-Enriquez*, in which we applied the good-faith exception to circumstances where the informant had some "track record of reliability and some indication of veracity." 567 F.3d at 1234.

But the informant here had a track record of previous reliability (at least three successful prosecutions based on his tips). And, unlike in *Quezada-Enriquez*, the informant here possessed first-hand knowledge of Peel's activities and police independently corroborated some of the details of the informant's allegations. *Cf.* 567 F.3d at 1234 (affidavit indicated no first-hand basis of knowledge and no corroboration). These facts are sufficient to support an objectively reasonable belief that the warrant was supported by probable cause. *See, e.g.*, *Campbell*, 603 F.3d at 1234–35 (finding good-faith reliance where affidavit stated that informant had first-hand knowledge of allegations and affidavit represented that informant's allegations had been "verified and deemed reliable through independent investigation"); *United States v. Tuter*, 240 F.3d

1292, 1300 (10th Cir. 2001) (applying good-faith exception even though informant was anonymous and information was not sufficiently corroborated); *Danhauer*, 229 F.3d at 1006–07 (concluding that good-faith exception applied where officer took steps to investigate informant's allegation even though affidavit did not reveal informant's basis of knowledge or adequately verify informant's allegations).

In sum, the information supplied to the state court judge was not so facially deficient to defy belief in the existence of probable cause. We therefore agree with the district court that the good-faith exception to the exclusionary rule properly applies.

## III. Conclusion

We AFFIRM the district court's denial of Peel's motion to suppress. Because Peel raises no independent arguments regarding the consolidated appeal of the district court's revocation of probation and imposition of supervised release, we also AFFIRM the district court's revocation judgment and sentence.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge