[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12121

Non-Argument Calendar

_____

LEROY LEE FIGURES,

Plaintiff-Appellant,

*versus*

JOSEPH GORDON,
Officer investigator in his individual and official capacity,
OKALOOSA COUNTY SHERIFF'S OFFICE NARCOTICSUNIT,
Official capacity,
MICHELLE NICHOLASON,
Spokesperson individual capacity,
JOHN DOES,
JANE DOES,
SHERIFF, OKALOOSA COUNTY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:21-cv-00838-LC-HTC

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

Leroy Figures, proceeding *pro se*, appeals from the district court's order dismissing his *pro se* complaint with prejudice for failure to state a claim. Liberally construed, Figures argues on appeal that the district court abused its discretion when it dismissed his third amended complaint because the affidavit in support of a search warrant for his home was invalid and he alleged sufficient facts to support his claims. For the following reasons, we affirm.

## I.

We review a district court's dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915A(b)(1) *de novo* and apply the same standard of review as for dismissals under Federal Rule of Civil Procedure 12(b)(6). *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). We take the allegations in a complaint as true and construed "in the light most favorable to the

plaintiff." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). We generally do not consider arguments raised for the first time on appeal because the district court never had a chance to examine them. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

## II.

Section 1915A of the Prison Litigation Reform Act provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portions thereof, that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

To properly state a claim for relief, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* However, "a formulaic recitation of the elements of a cause of action will not do," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."  *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1219 (11th Cir. 2007).

Under 42 U.S.C. § 1983, no person acting under color of state law shall deprive another of his constitutional rights.  42 U.S.C. § 1983.  "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law."  *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).  "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between

22-12121                Opinion of the Court                5

the actions of a supervising official and the alleged constitutional deprivation." *Id.*

"[T]he Fourth Amendment requires that warrant applications contain sufficient information to establish probable cause." *Holmes v. Kucynda*, 321 F.3d 1069, 1083 (11th Cir. 2003). The information contained in a warrant affidavit need not be objectively accurate, but the affiant must believe or accept that it is true. *Id.* A misstatement in an officer's warrant affidavit amounts to a Fourth Amendment violation if (1) there was an "intentional or reckless misstatement or omission"; and (2) "probable cause would be negated if the offending statement was removed". *Paez v. Mulvey*, 915 F.3d 1276, 1287 (11th Cir. 2019). Officers may not lie about critical information, but negligent misstatements do not violate the Fourth Amendment. *Id.* at 1286–87.

"Where the alleged Fourth Amendment violation involves a search or seizure pursuant to a warrant, the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or . . . in 'objective good faith.'" *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) (quoting *United States v. Leon*, 468 U.S. 897, 922–23 (1984)). However, "the fact that a neutral magistrate has issued a warrant authorizing the allegedly unconstitutional search or seizure does not end the inquiry into objective reasonableness," and a suit will be permitted when "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Id.* at 547 (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

To "establish a finding of probable cause," a search-warrant affidavit need only contain "sufficient information to conclude that a fair probability existed that seizable evidence would be found in the place sought to be searched." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir. 2002) (quoting *United States v. Pigrum*, 922 F.2d 249, 252–53 (5th Cir. 1991)). "[T]he affidavit should establish a connection between the defendant and the residence to be searched and a link between the residence and any criminal activity." *Id.* An affidavit that mentions an informant must demonstrate the informant's "veracity" and "basis of knowledge." *Id.* (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). The veracity of an informant need not be determined when "there is sufficient independent corroboration of an informant's information." *Id.* (quoting *United States v. Danhauer*, 229 F.3d 1002, 1006 (10th Cir. 2000)).

We conclude that the district court did not abuse its discretion in dismissing Figures's third amended complaint for failure to state a claim. Figures had multiple opportunities to amend his complaint to allege a factual basis in support of his Fourth Amendment claims[1] against the defendants, but he failed to do so. Notably, his claim of supervisor liability relied only on Sheriff Larry Ashley's supervisory position as Sheriff, which is insufficient to

---

[1] Figures also appears to contend that he adequately pled a claim that his equal protection rights under the Fourteenth Amendment were violated. Because he did not raise that claim in his third amended complaint, which was the operative complaint, we do not address it.

establish a factual basis for liability because there is no demonstrated causal connection or personal involvement between Ashley and Officer Joseph Gordon's actions.  As to Gordon, Figures alleged no facts indicating that Gordon knew that the affidavit was false or that he recklessly disregarded that possibility.  Instead, he relied on conclusory allegations.  Further, the affidavit in support of his arrest was not so facially deficient that no reasonable officer would have relied on it.

Accordingly, we affirm.

**AFFIRMED.**