**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

BOBBY PENA,

　　Defendant - Appellant.

No. 22-2154
(D.C. No. 1:19-CR-03609-JB-1)
(D. N.M.)

---

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

BOBBY PENA,

　　Defendant - Appellant.

No. 22-2155
(D.C. No. 1:19-CR-03611-JB-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID, SEYMOUR**, and **KELLY**, Circuit Judges.
_____

　　Defendant-Appellant Bobby Pena pleaded guilty to one count of possession of

child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).  He reserved his

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

right to appeal the district court's denial of his motion to suppress suspected or confirmed child pornography that was recovered on his devices pursuant to a search warrant. Pena now appeals the denial of the motion to suppress on the basis that the affidavit upon which the search warrant was based did not present probable cause. He also argues that the federal agents did not act in good faith in executing the search warrant, and that in the absence of probable cause and good faith, evidence of child pornography would not have been inevitably discovered on his electronic devices. Finally, in the event that we agree that the child pornography recovered pursuant to the search warrant should have been suppressed, Pena argues that his related conviction for procurement fraud should be remanded for resentencing. Exercising our jurisdiction pursuant to 28 U.S.C. § 1291, we affirm that the district court did not err in finding that the affidavit established probable cause and provided a sufficient basis for the search warrant, and we decline to reach the subsequent issues raised on appeal. Because we affirm the district court's decision in Pena's child pornography case, we decline to remand Pena's fraud procurement case for resentencing.

## I.

In June 2016, the Department of Energy's Office of the Inspector General ("OIG") began to investigate Bobby Pena for allegedly submitting fraudulent claims to his employer, Sandia National Laboratories. [1] The OIG obtained a valid federal warrant to

---

[1] These facts are recounted in the light most favorable to the government. *See United States v. Haymond*, 672 F.3d 948, 958 (10th Cir. 2012).

seize and to search Pena's electronic devices for evidence of fraudulent claims (the "first warrant"). In December 2017, law enforcement officers executed such warrant on Pena's laptop, seven external hard drives, and two thumb drives.

Prior to searching Pena's devices, officers asked Pena what they would find. Pena told officers that the devices contained family photos and "porn." App'x Vol. II at 289. Officers followed up by asking Pena whether the devices contained any child pornography. Pena replied "no," but caveated his denial, saying that he "rips" pornography from "torrent" files to keep on his devices. *Id.* Officers interpreted "torrent" to refer to internet peer-to-peer file-sharing software.

While executing the first warrant, Agent Matthew A. Kucenski, a Special Agent with the OIG, made digital forensic copies of Pena's devices to facilitate his search. In the course of copying Pena's devices, Agent Kucenski monitored the copying software to ensure it copied files and folders correctly, and to screen for encrypted files. He also conducted a high-level review of the device to determine which devices might have information most relevant to his warrant. During this process, Agent Kucenski observed large quantities of files and folders with explicit and sexually suggestive names. names included "HotYoungDoll," "HotYoungThing," "hotyoungthing-nude_xvid.avi," "Casting Couch Teens Site Rip," "Teens Do Porn SiteRip," "teensx," "DblTemedTens," "Teens Obedience Lesson Site Rip," and "Teen Sex Mania SiteRip." App'x Vol. II at 289–90. Agent Kucenski documented what he observed, including these file and directory names, but he did not open or view any of the suspicious files or folders.

Agent Kucenski applied for a second search warrant for Pena's devices; this time, for child pornography or evidence of material involving the sexual exploitation of minors. The warrant application detailed the facts above. In the warrant application, Agent Kucenski also provided the magistrate judge with background information relevant to the warrant sought, including his extensive experience with child exploitation investigations. Based on such experience, Agent Kucenski explained in detail why he believed that Pena was likely a collector or distributor of child pornography. Agent Kucenski described how peer-to-peer networks work, and how they are used routinely to upload and to download child pornography. Agent Kucenski also explained why Pena's possession of numerous large-capacity digital storage devices was consistent with the behavior of a child pornography collector.

Based on Agent Kucenski's warrant application, United States Magistrate Judge Jerry H. Ritter issued a warrant to search Pena's electronic devices for evidence of child pornography and child exploitation (the "second warrant").

Agent Kucenski executed the second warrant on Pena's electronic devices. Agent Kucenski spent about seventy-five percent of his working hours for one year reviewing data on Pena's devices. But the material was so voluminous that, in one year, Agent Kucenski was able to review only three percent of the data on Pena's devices. And in that three percent, Agent Kucenski located about four thousand videos and images that were confirmed or suspected to be child pornography, spread across five or six of Pena's devices.

A grand jury indicted Pena in October 2019 on one count of Possession of Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256.  Pena was also indicted on twenty-eight counts of False Claims Against the Government.  Those cases proceed on appeal as case numbers 21-2155 and 21-2154, respectively.

Pena filed an unsuccessful motion to suppress evidence of child pornography uncovered pursuant to the second warrant.  In that motion, as here, Pena argued that there was no probable cause upon which to issue the second warrant.  Pena also argued that the search was not conducted in good faith reliance on an invalid warrant, and that Pena's collection of child pornography would not inevitably have been discovered.  The district court conducted an evidentiary hearing, and thereafter denied Pena's motion.

In its order denying Pena's motion, the district court concluded that the magistrate judge had a substantial factual basis to find probable cause.  district court found that the file and folder names observed by Agent Kucenski indicated the presence of child pornography.  The district court reasoned that "[t]he word 'teen' indicates a person aged between thirteen and nineteen," and that because "[t]here are more minor teens than adult teens," the court found it "likely that the word 'teen' indicates pornography involving a minor child aged thirteen through seventeen."  App'x Vol. III at 581–82.  The district court also found that the file name "DblTemedTens" indicated "pornography involving ten-year-old children" and that it "strongly indicate[d] the presence of child pornography."  *Id.* (citing *United States v. Loera*, 923 F.3d 907, 929 (10th Cir. 2019) (noting that a file labeled "Spycam 9yr Undress" suggested the presence of child

5

pornography); *United States v. Haymond*, 672 F.3d 948, 950 (10th Cir. 2012) (noting that "'8yo'" is an acronym for "'8 year old' which is associated with child pornography").

The district court also concluded that, given the totality of the circumstances, Pena's suspicious statements to officers supported a finding of probable cause. The court found that Pena made suspicious statements about what officers would find on his devices. Namely, the district court found that Pena's response about "torrent" files "suggests to the hearer that he knew that his computer contained child pornography and was moving towards an explanation." App'x Vol. III at 583. The district court reasoned that Pena's "mind jumped to a defense, mentally and subconsciously conceding – despite his verbal denial – that the computer contained child pornography." *Id.* The court also found that Pena's immediate concession that his devices contained "porn" indicated "that he was concerned at the outset for what the officers might find." *Id.*

Finally, the district court concluded that Pena's practices with his digital devices and Agent Kucenski's declarations regarding the practices of child pornography collectors supported a finding of probable cause. The district court noted Pena's admitted use of peer-to-peer software, possession of torrent files, and high volume of digital storage devices. The court concluded that those facts, when examined in light of Agent Kucenski's affidavit and the other facts, supported a finding of probable cause.

The district court also considered, in the alternative, whether the good-faith exception or the inevitable discovery rule would permit the evidence of child pornography to be admitted. The district court concluded that, even if the warrant was erroneously issued, Agent Kucenski "acted in good faith by relying on the Second Search

Warrant" because the second warrant was not "so obviously unreasonable that [Agent] Kucenski should have recognized the error." App'x Vol. III at 587–88. The district court also found that Agent Kucenski inevitably "would have found more incriminating file folder names" in the course of his fraud investigation, which "would have supported probable cause for a search warrant." *Id.* at 592. Thus, the district court concluded, "the child pornography on Pena's devices would have been discovered inevitably" due to the fraud investigation. *Id.*

Pena pleaded guilty in both the fraud case and the child pornography case, reserving his right to appeal the denial of his motion to suppress evidence of child pornography. The district court sentenced Pena to 41 months in prison for both cases, to be served concurrently, plus supervised release.

Pena appeals the denial of his motion to suppress and, in the event he prevails, his fraud sentence.

## II.

We will first address Pena's probable cause argument, as this Court maintains the discretion to address either probable cause or good faith first when reviewing the denial of a motion to suppress. *United States v. Gonzales*, 399 F.3d 1225, 1228 (10th Cir. 2005). "In reviewing the denial of a motion to suppress, this court views the evidence in the light most favorable to the government and upholds the district court's factual findings unless clearly erroneous." *United States v. Danhauer*, 229 F.3d 1002, 1005 (10th Cir. 2000). However, "[d]eterminations relating to the sufficiency of a search warrant and the applicability of the good-faith exception are conclusions of law" and are

reviewed de novo. *Id.* In reviewing whether a warrant was sufficient, this Court accords "great deference to the issuing judge's finding of probable cause," asking "only whether, under the totality of the circumstances presented in the affidavit," the issuing judge "had a substantial basis for determining that probable cause existed." *Haymond*, 672 F.3d at 958–59.

The Fourth Amendment declares that "no Warrants shall issue, but on probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Therefore, a search warrant may issue only if "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The affidavit need not contain anything resembling conclusive proof that such evidence will be found—only "facts sufficient to lead a prudent person to believe that a search would uncover contraband or evidence of criminal activity." *Danhauer*, 229 F.3d at 1006. "[C]ourts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner." *Gates*, 462 U.S. at 236. Rather, we "interpret search warrant affidavits in a common sense and realistic fashion." *United States v. Grimmett*, 439 F.3d 1263, 1270 (10th Cir. 2006).

Pena argues that the affidavit supporting the search warrant failed to establish a basis for probable cause on three fronts: (1) the names of the files and folders observed by Agent Kucenski are "too ambiguous to infer illegal activity" (Aplt Br. at 25); (2) Pena's statements during the execution of the first warrant did not create "suspicion" that

8

he was hiding illegal conduct (*Id.* at 31); (3) under controlling precedent, Pena's use of peer-to-peer software and numerous digital storage devices, which indicated collector behavior, cannot be used to infer that he was collecting child pornography, rather than legal pornography.

**a.**

As an initial matter, Pena makes much of Agent Kucenski's use of the term "pornography" rather than "child pornography" in his affidavit. *See* Aplt. Br. at 22–23 ("Special Agent Kucenski's opinion that Mr. Pena likely collected pornography, rather than child pornography, militates against probable cause."). Pena asks us to base our probable cause review on what Agent Kucenski may have believed or concluded when he wrote the affidavit, arguing that the district court erred when it "disregard[ed] Special Agent Kucenski's opinions and inferr[ed] illegal conduct instead." *Id.* at 18. This line of reasoning is unavailing because it misapprehends the task at hand. We are not interrogating what Agent Kucenski believed; we are looking to the issuing magistrate judge and asking solely whether the "facts presented in the affidavit would warrant a [person] of reasonable caution to believe that evidence of a crime will be found at the place to be searched." *United States v. Harris*, 369 F.3d 1157, 1165 (10th Cir. 2004). Thus, whether Agent Kucenski used the term "pornography" rather than "child pornography" in the affidavit is irrelevant if the underlying facts alleged indicate the presence of child pornography on Pena's devices.

Pena argues that the names of his files and folders are insufficient to support probable cause because they are "too ambiguous." Aplt. Br. at 25. We disagree. As

9

discussed above, the district court analyzed the names of Pena's files and folders and made factual findings that the names indicated the presence of child pornography. The district court found that "[w]hile it is possible that the word 'teen' implies pornography involving legal adults, it is more likely that the word 'teen' indicates pornography involving a minor child aged thirteen through seventeen." App'x Vol. III at 582. Furthermore, the district court found that one explicit file name in particular, "DblTemedTens," indicated "pornography involving ten-year-old children," and that "if so, this file name strongly indicates the presence of child pornography." *Id.*

Pena does not contest—does not even mention—the district court's finding that "DblTemedTens" likely indicated the presence of child pornography. Pena therefore has waived on appeal any argument that the district court clearly erred in that conclusion. Furthermore, the district court's other factual findings were not clearly erroneous. *See Burke v. Regalado*, 935 F.3d 960, 1014 (10th Cir. 2019) ("[A]n appellant may waive an issue by inadequately briefing it."). Pena argues that "[t]he district court d[id] not cite any legal authority" for the proposition that "[t]here are more minor teens than adult teens." Aplt. Br. at 26. But judges may, and indeed *must,* rely on "common sense" in determining whether there is probable cause. *Gates*, 462 U.S. at 241. It requires only common sense to observe, as the district court did, that "teens" are usually minors. Though, as the district court observed, it is "possible that the word 'teen' implies pornography involving legal adults," a mere possibility does not negate probable cause. App'x Vol. III at 582. Further, the numerous explicit file names in the affidavit give the overwhelming indication of the presence of child pornography when taken as a whole.

10

Pena argues that "the terms 'teen' and 'young' are far too ambiguous and not sufficiently descriptive to drawn an inference that child pornography would be found." Aplt. Br. at 11. But Agent Kucenski did not merely observe folders labeled "teen" and "young," without further description. The labels also included the term "doll," which Pena does not attempt to argue is innocuous. App'x Vol. II at 289–90. Further, the labels employed explicit and suggestive language in conjunction with the terms "teen," "young," and "doll." *Id.* And some of the terms, like "obedience lesson," are suggestive of compromising and coercive positions, not consensual relations between adults. *See id.* The district court had ample basis to conclude that the file names indicated the presence of child pornography—at the very least, the district court did not clearly err.

**b.**

Pena next argues that the district court erred when it classified Pena's answers to investigators regarding the content of his devices as "suspicious." Aplt. Br. at 32. We again disagree. The district court found that Pena was likely equivocating and hedging preemptively to explain the child pornography that officers would find on his devices. This finding was not clearly erroneous. It was reasonable for the district court to conclude, as it did, that it was suspicious for Pena to caveat his statement that he did not have child pornography with a statement about his use of torrents and peer-to-peer file sharing. Indeed, the most reasonable conclusion is not that Pena was making an unrelated, unprompted statement about how he acquired his legal pornography, but instead that he was providing a partial explanation in response to the question of whether he possessed child pornography. Therefore, the district court did not err in according

11

Pena's statements some weight in determining that there was a sufficient basis for probable cause.

**c.**

Pena's use of peer-to-peer software and numerous digital storage devices also support a finding of probable cause. Pena argues that this case is controlled by *United States v. Edwards*, 813 F.3d 953 (10th Cir. 2015). In *Edwards*, this Court held that a defendant's practice of reading erotic writings involving children was an insufficient basis for probable cause that the defendant collected child pornography. *Id.* at 967. As *Edwards* explained, just "because members of group A (those who collect child pornography) are likely to be members of group B," it does not mean "group B is largely or entirely composed of members of group A." *Id.* at 968 (internal quotation marks omitted). Pena argues that the second warrant was issued on the same erroneous logical inference. Namely, Pena argues that "Group B" in this instance is "people who use [peer-to-peer] file sharing software and electronic storage devices to collect pornography," and that such people "do not necessarily collect child pornography." Aplt. Br. at 10.

Pena is correct that under *Edwards* we may not assume that all persons who engage in "collector behavior" by hoarding large quantities of pornography or by sharing data via peer-to-peer file sharing software are engaged in the possession, production, or distribution of child pornography. But neither the affidavit nor the district court drew such inference. Instead, the affidavit laid out the reasons why Pena's behavior was consistent with the behavior of "some persons who distribute, possess or produce child

12

pornography." App'x Vol. II at 286. And the district court analyzed that information along with "the entire context," including "the file names in conjunction with Pena's peer-to-peer software use, his statements to officers, and the large number of devices he possessed." App'x Vol. III at 584.

What is more, as this Court explained in *Edwards*, "innocent or legal conduct may be infused with the degree of suspicion necessary to support a finding of probable cause when examined through the lens of those versed in the field of law enforcement." 813 F.3d at 965. This is especially true when considering the circumstances surrounding the conduct. What sets Pena apart is the presence of suspicious and possibly incriminating file and folder names on his devices, along with his suspicious statements to law enforcement. *See United States v. Martinez-Cigarroa*, 44 F.3d 908, 911 (10th Cir. 1995) ("In other words, each fact must either be rationally suspicious in itself, or, despite being innocent on its face, must be rationally suspicious when viewed in the context with the other articulable facts."). Viewed through the lens of the circumstances and Agent Kucenski's training and experience, some otherwise innocent activities took on the valence of criminal collection of child pornography. The district court did not err when it refused to analyze Pena's collector behavior in a vacuum, nor when it concluded that the legal conduct of collector behavior, in a totality-of-the-circumstances analysis, "indicates a fair probability that [Pena] has engaged in illegal activity." App'x Vol. III at 580.

**d.**

We finally turn to the question of sufficiency of the search warrant. After reviewing Agent Kucenski's affidavit, determining that the district court did not clearly

err in its factual findings, and considering the deference due to the issuing magistrate judge, we agree that the issuing judge had a substantial basis for determining that probable cause existed. The suspicious file names, Pena's hedging when questioned by officers, and his use of peer-to-peer software and numerous digital storage devices, when taken together, would have led a reasonable person to believe that evidence of child pornography would be recovered from Pena's devices.

Because we affirm the district court's finding of probable cause, we decline to address Pena's subsequent arguments on good faith and inevitable discovery.

Finally, Pena requested that we remand his procurement fraud conviction—Case No. 22-2154—for resentencing in the event that his appeal of his child pornography conviction was successful, as the child pornography conviction and false claims convictions were "part of a single sentencing package." Aplt. Br. at 40–41. Because we decline to reverse the district court's denial of Pena's motion to suppress, we also decline to remand Pena's false claims conviction for resentencing.

**III.**

For the foregoing reasons, we AFFIRM the judgment of the district court.

Entered for the Court

Allison H. Eid
Circuit Judge